McMILLAN, Judge.
The State of Alabama on August 9,1985, filed in Dallas County a petition for writ of habeas corpus ad prosequendum to the United States Marshal’s Office directing the United States Marshal to produce the appellant before the State court on or before August 12, 1985, for charges pending in Dallas County. The appellant was delivered to the officials of Dallas County on August 19, 1985, and was sentenced to 99 years’ imprisonment on an escape charge. He was then released back to the federal authorities and transported to the federal penitentiary. Several other charges against the appellant , in Dallas County remained unresolved. The appellant filed an “Inmate Notice of Place of Imprisonment and Request for Disposition of Indictments, Information, or Complaints” in Dallas County on January 15, 1986. He also filed a “Notification Requirement for Speedy Trial Act.” The appellant was returned to Dallas County in May of 1986. He filed on October 31, 1986, a motion to dismiss the charges which were still pending and undis-posed of before the Circuit Court of Dallas County. The motion was denied on November 3, 1986. The appellant then pleaded guilty to the charges against him, and he was sentenced to ten years’ imprisonment, the sentence to run concurrently for possession of a forged instrument, receiving stolen property in the second degree, burglary in the third degree, and robbery in the first degree. He was also sentenced to 25 years’ imprisonment pursuant to the Habitual Felony Offender Act, that sentence to run concurrently, for a charge of third degree escape.
The appellant alleges that the trial court erred in denying his motion to dismiss because, he says, the State violated the Uniform Mandatory Disposition of Detainers Act. The State argues that it had not yet filed a detainer and therefore had not violated the provisions of Article III of the Interstate Agreement on Detainers Act, § 15-9-81, Code of Alabama (1975).
“Article III sets forth the procedure by which a prisoner against whom a detainer has been filed can demand a speedy disposition of the charges giving rise to the detainer.” Gillard v. State, 486 So.2d 1323, 1325 (Ala.Cr.App.1986). (Emphasis added.) “Article IV provides a means by which a prosecutor, who has lodged a detainer against a prisoner in another participating jurisdiction, can secure temporary custody of a prisoner for isposition of the outstanding charges against the prisoner.” Id. The State initially triggered this Act by filing the writ of habeas corpus ad prosequendum. United States v. Mauro, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978). The writ specifically requested the appellant’s return for disposition of Case No. CC82-138, the charge of escape in the third degree. The appellant was returned to Dallas County without the appellant’s taking any actions under Article III. Therefore, the initial detainer was carried out under Article IV by the prosecutor. Article 111(d) contains the provision:
*166 Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against the prisoner from the State to whose prosecuting official the request for final disposition is specifically directed.” (Emphasis added.)
Article IV, however, does not contain a similar provision. Under subsection (e), an indictment, information, or complaint shall be dismissed with prejudice if the prisoner was returned to the original place of his imprisonment before trial is had on the indictment, information, or complaint for which the prisoner was returned. The appellant was returned to Dallas County specifically for sentencing on the charge of escape in the third degree; thus, the sentencing satisfied, completed, or extinguished the writ filed by the prosecutor. Thereafter, the appellant filed a “Notification Requirement for Speedy Trial Act,” “Inmate Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints,” and a “Notification Requirement for Speedy Trial Act.” However, there were no outstanding de-tainers on the appellant issued from Dallas County. “[T]he provisions of the agreement [Interstate Agreement on Detainers Act] are applicable only when a participating jurisdiction, having untried charges pending against a prisoner, first lodges a detainer with the participating jurisdiction where the prisoner is incarcerated. United States v. Mauro, supra; United States v. Dixon, [592 F.2d 329 (6th Cir.), cert. denied, 441 U.S. 951, 99 S.Ct. 2179, 60 L.Ed.2d 1056 (1979) ].” Gillard v. State, supra, at 1325. Thus, the Act was never triggered as to the charges to which the appellant pleaded guilty and received sentencing.
Because the initial detainer was carried out under Article IV and no subsequent detainers were filed, the State did not violate the provisions of this Act. Additionally, because the appellant does not argue that his right to speedy trial was violated under the standard of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), this issue will not be addressed.
AFFIRMED.
All the Judges concur.